UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIAN OVALLE ESTEVEZ,<br><br>    Petitioner,<br><br>    v.<br><br>U.S. IMMIGRATION AND CUSTOM ENFORCEMENT, et al.,<br><br>    Respondents. | Case No. 26–cv–00371–ESK<br><br>OPINION |

**KIEL, U.S.D.J.**

    Maria Verás filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Petition) as a "next friend" for petitioner Elian Ovalle Estevez, an immigration detainee confined in the Elizabeth Contract Detention Facility, New Jersey (Elizabeth Facility.)  (ECF No. 1 p.1.)

    The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  If a petitioner does not pay the filing fee and instead seeks to proceed *in forma pauperis*, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the petitioner's prison account and, (2) the greatest amount on deposit in the petitioner's institutional account during the six-month period prior to the date of the certification.  L.Civ.R. 81.2(b).  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed *in forma pauperis*.  L.Civ.R. 81.2(c).

Verás did not pay the filing fee or submit an *in forma pauperis* application on petitioner's behalf, so this matter must be administratively terminated pending receipt of either the fee or *in forma pauperis* application.

In addition, a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his behalf." 28 U.S.C. § 2242. "'[N]ext friend' standing ... has long been an accepted basis for jurisdiction in certain circumstances." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "Most frequently 'next friends' appear ... on behalf of detained prisoners who are unable ... to seek relief themselves." *Id.*

To qualify for next friend status, the third person must satisfy two requirements. "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163. "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163–64 (internal citation omitted). "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164.

Verás, a naturalized citizen, is petitioner's aunt. (ECF No. 1–2 p. 1.) Therefore, I conclude that she has established a significant relationship with petitioner. However, she has not provided any facts suggesting that petitioner is unable to pursue this action on his own. She alleges that petitioner is being subjected to "inhumane and degrading living conditions," but these cursory allegations do not address petitioner's inability to pursue an action in this Court.

However, even if I were to conclude that Verás had made sufficient allegations about petitioner's inability to pursue this matter himself, "the Third Circuit has held that a 'non-attorney cannot represent another party, even if acting as a next friend.'" *Kerrigan v. Ortiz*, No. 21–cv–01027, 2021 WL 6424641, at *2 (D.N.J. Dec. 6, 2021) (quoting *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 n. 2 (3d Cir. 2020)).  Therefore, I will administratively terminate this matter, subject to reopening if Verás obtains counsel or petitioner files a *pro se* habeas petition.[1]  *See e.g., Bah v. Tsoukaris*, No. 25–cv–16925, 2025 WL 3041812, *3 (D.N.J. Oct. 31, 2025) (administratively terminating habeas petition for petitioner to cure defects in next friend application)..

An appropriate Order accompanies this Opinion.

                                                   */s/ Edward S. Kiel*
                                                   **EDWARD S. KIEL**
                                                   **UNITED STATES DISTRICT JUDGE**

Dated: January 20, 2026

---

[1] I will instruct the Clerk to mail Verás a blank habeas petition.